# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORP., ) <br> A Delaware Corp. et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PHALESIA VISIONE, ) <br> ) <br> Defendant. ) <br> ) | CASE NO.: 07-CV-2268 <br><br> Hon. Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Atlantic Recording Corporation ("Atlantic"), London-Sire Recordings Inc. ("London-Sire"), Warner Bros. Records Inc. ("Warner Bros."), Capitol Records, Inc. ("Capitol"), UMG Recordings Inc. ("UMG"), and Sony BMG Music Entertainment ("Sony BMG") filed this action against Defendant Phalesia Visione alleging copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiffs seek remedies available under the Copyright Act, including statutory damages (17 U.S.C. § 504(c)), costs (17 U.S.C. § 505), and injunctive relief prohibiting further infringement (17 U.S.C. §§ 502-503). This matter is now before the court on Plaintiffs' unopposed motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons stated herein, the motion and all relief sought by Plaintiffs are granted.

### I. Background

The relevant facts are taken from Plaintiffs' Local Rule 56.1 Statements of Uncontested Facts ("SUF"), the Declaration of Plaintiffs' attorney in support of their motion for summary judgment and related attachments ("Declaration"), and Plaintiffs' Requests to Admit. Defendant, appearing *pro se*,

answered Plaintiffs' complaint and appeared for at least one status hearing.[1] (SUF, Ex. 1 – Transcript of Status Hearing Aug. 21, 2007). Unfortunately, that was the extent of her participation in this case.[2] Plaintiffs served Defendant with discovery requests, including Requests to Admit ("RTA") pursuant to Fed. R. Civ. P. 36, on September 4, 2007. (SUF ¶ 20) Defendant never responded to those discovery requests and the court accordingly deemed the RTA admitted on November 9, 2007. (SUF ¶ 20). Despite ample opportunity, Defendant has neither responded to Plaintiffs' motion for summary judgment nor submitted a response to Plaintiffs' SUF. Local Rule 56.1(b)(3)(C) provides that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." The Court therefore deems all of the facts set forth in Plaintiffs' SUF to be admitted.

Plaintiffs are a group of six corporations that own or license registered copyrights in certain sound recordings. (SUF ¶¶ 4-9; 19). As owners of the copyrights, they had exclusive rights to, *inter alia*, reproduce and distribute the recordings. (SUF ¶ 12). Defendant, Phalesia Visione, is an individual who used KaZaa, an online media distribution system allowing peer-to-peer file sharing, to download to her personal computer and make certain of Plaintiffs' copyrighted sound recordings available for others to download.[3] (SUF ¶¶ 10, 15; RTA ¶¶ 12, 24). Among the songs that Defendant downloaded and made available to others were eight sound recordings to which Plaintiffs'

---

[1] This case was transferred to this Court by Executive Order as part of the Court's initial calendar. Plaintiff filed this motion prior to the transfer. After the case was transferred, this Court gave Defendant until February 1, 2008 to file a Response.

[2] This Court scheduled an initial status hearing for this case at which Defendant failed to appear.

[3] Exhibit A to Plaintiffs' Complaint lists the sound recordings at issue as: (1) "You Were Meant for Me" by Jewel; (2) "Just Can't Get Enough" by Depeche Mode; (3) "Master and Servant" by Depeche Mode; (4) "Against the Wind" by Bob Seger; (5) "Old Time Rock & Roll" by Bob Seger; (6) "Thank You for Loving Me" by Bon Jovi; (7) "Crash and Burn" by Savage Garden; and (8) "Hands" by Jewel.

held copyrights. (SUF ¶ 15). Plaintiffs therefore held exclusive rights to reproduce and distribute the eight copyrighted sound recordings. (SUF ¶ 18). The eight sound recordings at issue were registered by the Plaintiffs prior to the first date on which Defendant downloaded or made available the sound recordings. (SUF ¶ 18). Those sound recordings were labeled with copyright notices when published pursuant to 17 U.S.C. § 401. (SUF ¶ 13). Plaintiffs never authorized Defendant to copy and/or distribute the recordings. (SUF ¶ 14). Defendant knew that when she downloaded the sound recordings, her actions were illegal. (RTA ¶ 13). Defendant has continued to download and make available to others Plaintiffs' copyrighted sound recordings using KaZaa. (RTA ¶¶ 27, 28).

**II.  Analysis**

*A.  Summary Judgment Standard*

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of establishing the lack of any genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion, instead the nonmoving party must present definite, competent evidence to rebut the summary judgment motion. *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). The court considers the evidence in a light most favorable to the nonmoving party and draws all reasonable inferences in its favor. *Anderson*, 477 U.S. at 255.

Although the Defendant did not respond to the Plaintiffs' motion for summary judgment, the Court must still conclude that Plaintiffs are entitled to judgment as a matter of law. Summary judgment will be granted only if, employing the above standard, such a ruling is appropriate. See Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not respond, summary judgment should *if appropriate*, be entered against that party") (emphasis added).

### B. *Copyright Infringement*

Copyrights are created by statute. See 17 U.S.C. § 101 *et seq*. The Copyright Act creates six specific and exclusive rights for the copyright holder. 17 U.S.C. § 106. Among those rights that are pertinent to this case is the right to "reproduce the copyrighted work in copies or phonorecords" and to "distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending." 17 U.S.C. §§ 106(1), (3). Copyright infringement occurs when the alleged infringer violates any of the exclusive rights listed in 17 U.S.C. § 106. 17 U.S.C. § 501(a). To establish copyright infringement, Plaintiffs must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005) (citations omitted).

#### 1. Plaintiffs' Ownership of Copyrights in the Eight Sound Recordings

Plaintiffs have established that they own valid copyrights for the eight sound recordings at issue and that the copyrights were registered before the Defendant downloaded or made the sound recordings available. Plaintiffs attached Copyright Registrations as Exhibits to their Declaration supporting this motion and, by failing to respond to Plaintiffs' Requests to Admit and Plaintiffs' 56.1 Statements of Uncontested Fact, Defendant has admitted the validity and timing of the registrations.

Accordingly, there is no question of material fact that Plaintiffs owned valid copyrights to the eight sound recordings at issue prior to Defendant's alleged infringing activity.

2. Defendant Copying of Plaintiffs Copyrights

"Copying" is synonymous with infringement of the exclusive rights provided to copyright owners by statute. The use of peer-to-peer file exchange software such as KaZaa may infringe on the copyright holders exclusive rights to both reproduce and distribute sound recordings to which they own valid copyrights. The Seventh Circuit has stated that those who use the Internet to swap computer files containing copyrighted music directly infringe the copyrights when they make and transmit digital copies of the music. *In re Aimster Copyright Litigation*, 334 F.3d 643, 645 (7th Cir. 2003) (Those who "have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy infringes copyright."); see also *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (stating that the Defendant's downloads using the same KaZaa program violated the Copyright Act and were not "fair use"); *MGM Studios, Inc. v. Grokster*, 545 U.S. 913 (2005) (holding founded on the fact that individuals who post or download music via peer-to-peer networks were direct infringers); *A&M Records, Inc. v. Napster*, 239 F.3d 1004 (9th Cir. 2001).

In this case, there is no dispute that Defendant used KaZaa to violate Plaintiffs' exclusive rights of reproduction and distribution by downloading and distributing the sound recordings in question. Further, there has been no suggestion that Plaintiffs authorized Defendant to copy or distribute the sound recordings. Thus, there is no question of material fact concerning Defendant's copying of Plaintiffs' copyrights.

In sum, Plaintiffs have established that there is no question of material fact that (i) they own

valid copyright registrations and (ii) Defendant reproduced and distributed that copyrighted material without authorization. Defendant therefore is liable for copyright infringement on the eight sound recordings at issue.

  C. *Damages*

A copyright infringer is liable for either actual damages and profits or statutory damages. 17 U.S.C. § 504(a). If eligible,[4] the copyright owner may elect an award of statutory damages for all infringements involved in the action with respect to each infringed work. 17 U.S.C. § 504(c)(1). Statutory damages for infringement that was not committed willfully range between $750 and $30,000, as the court considers just. *Id*. Plaintiffs have requested the minimum statutory damages for Defendant's infringement of the eight sound recordings – a total of $6,000 ($750 per sound recording of the eight infringed works).

A court may not award less than the statutory minimum unless the "infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). Through her inaction, Defendant has admitted that she knew her actions were illegal and that she continued to download and make available songs after this complaint was filed. Accordingly, Defendant's actions cannot be considered "innocent infringement," and Plaintiffs are entitled to the $6,000 in requested statutory damages.

---

[4] To recover statutory damages, the Plaintiff must have registered the copyright within specific time limitations. 17 U.S.C. § 412. It has been deemed admitted that Plaintiff registered their copyrights prior to the infringing actions which is sufficient to meet the requirements of § 412.

*D. Injunction*

In addition to damages, Plaintiffs seek injunctive relief against the Defendant. Specifically, the injunction would prohibit Defendant from further infringing Plaintiffs' copyrights and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights. (Complaint ¶ 18). Under the Copyright Act, this Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

The Seventh Circuit has upheld an injunction in similar circumstances and this Court sees no basis for a different outcome here. See *Gonzalez*, 430 F.3d at 893 (stating that injunctive relief may be "appropriate to ensure that the misconduct does not recur as soon as the case ends"). Plaintiffs included, as an Exhibit to their complaint, that Defendant had 472 files in her share folder. All of those files may potentially infringe Plaintiffs' exclusive statutory rights. In addition, by not responding to Plaintiffs' Requests to Admit, Defendant is deemed to have admitted that she continues to download sound recordings and make those sound recordings available for others to download. On the basis of those facts, the Court finds that in the absence of an injunction, Plaintiffs very well could be exposed to further copyright infringement at the hands of the Defendant. This Court therefore grants Plaintiffs requested injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of

> Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

*E. Costs*

"In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party…" 17 U.S.C. § 505. Plaintiffs seek as costs their $350.00 filing fee. See SUF ¶ 22. Numerous courts confronted with similar factual scenarios have granted such minimal fees. See, *e.g.*, *Warner Bros. Records, Inc. v. Hentz*, 2007 WL 2481289 (S.D. Ill. Aug. 29, 2007); *Elektra Entertainment Group, Inc. v. Jones*, 2007 WL 1395573 (N.D. Ind. May 10, 2007); *Warner Bros. Records, Inc. v. Hughes*, 2007 WL 315356 (C.D. Ill. Jan. 31, 2007). The fees requested are reasonable under the circumstances and the Court in its discretion grants the Plaintiffs $350.00.

**III. Conclusion**

Plaintiffs' motion for summary judgment and permanent injunction is granted. Plaintiffs are awarded statutory damages in the amount of $6,000 and $350.00 in fees.

Dated: April 29, 2008

_____
Robert M. Dow, Jr.
United States District Judge